Cite as 2015 Ark. 280

# SUPREME COURT OF ARKANSAS

**No.** CV–14–987

| | |
|---|---|
| IN RE AMENDMENTS TO RULES GOVERNING ADMISSION TO THE BAR, RULE VII | **Opinion Delivered** June 18, 2015 |

## PER CURIAM

On November 20, 2014, following our request to the Arkansas Bar Association for a recommendation concerning an amendment to Rule VII(C) of the Rules Governing Admission to the Bar, we granted the Association's petition to amend Rule VII(C) and adopted as a provisional rule the Association's recommendation with minor revisions. *See In re Rules Governing Admission to the Bar, Rule VII*, 2014 Ark. 498 (per curiam). At that time, we anticipated taking final action on the Rule in June 2015 following the 2015 annual-dues-payment period, and we welcomed comments from the public before June 1, 2015. We thank everyone who submitted comments.

We have reviewed Provisional Rule VII(C) and the comments. We adopt the Rule, with stylistic revisions, as final. We also adopt amendments to Rules VII(A), VII(D), and VII(F). The amendments to Rule VII(A) set forth the requirements regarding reduced fees for retired attorneys age 65 and older and for those attorneys incapacitated due to illness, injury, or advanced age. Rule VII(D) is amended to correct an inaccurate reference to former Paragraph 2 of Rule VII(C), and Rule VII(F) is amended to require that attorneys provide an email address of record upon admission to the Bar and upon request by the Clerk of this court.

SLIP OPINION

We take this opportunity to note that we are currently permitting attorneys suspended pursuant to Rule VII(C) to voluntarily surrender their licenses without paying past dues and penalties owed, and we will continue to do so until December 31, 2016. Attorneys interested in petitioning this court to voluntarily surrender their licenses should begin that process by contacting the Office of Professional Conduct.

Today, we amend and republish the rules as set out below. These amendments are effective immediately.

RULES GOVERNING ADMISSION TO THE BAR

Rule VII. Application for license.

. . . .

A. LICENSE FEE. An annual license fee as set by the Court, from time to time, shall be imposed upon each attorney actively licensed to practice law in this State. The fee shall be paid annually to the Clerk of the Arkansas Supreme Court. The amount shall be payable January 1 of each year, and must be paid not later than March 1 of each year to avoid penalties and suspension as described in subsection (C) of this Rule. Funds thus realized shall be used as ordered by the Supreme Court of the State of Arkansas.

Attorneys licensed in this State who have transferred to voluntary inactive status pursuant to Section 25 A.(7) of the Procedures of the Arkansas Supreme Court Regulating Professional Conduct of attorneys at Law, or its successor provision, shall pay fifty percent (50%) of the fee required of actively licensed attorneys.

Attorneys age 65 or older licensed in this State who have certified that their primary source of income does not derive from the practice of law shall pay ten percent (10%) of the fee required of actively licensed attorneys.

Upon request by an attorney or the attorney's representative, the Clerk shall have the discretion to place an attorney on voluntary non-payment status if the attorney is incapacitated due to injury, illness, or advanced age. Attorneys placed on voluntary non-payment status shall not practice law in this State and shall not be required to pay an annual license fee unless reinstated to active status.

. . . .

C. SUSPENSION FOR FAILURE TO PAY FEE

(1) Failure to pay the annual license fee provided in subsection (A) of this Rule VII shall automatically suspend the delinquent lawyer as provided in this subsection from the practice of law in Arkansas and result in the imposition of additional penalties.

(2) All notices required to be sent by the Supreme Court Clerk under this Rule shall be sent by regular mail to the address of record on file with the Clerk for each licensed attorney who is required to pay the annual fee. However, attorneys may elect to be provided notices at their email address of record on file with the Clerk in lieu of service by mail.

(3) All required submissions to the Clerk's office under this Rule shall be deemed to be dated and submitted as of the date of receipt in the Clerk's office in Little Rock.

(4) All deadlines imposed by this subsection shall be subject to the extension of time for deadlines occurring on a day when the Clerk's office is closed, as provided in Rule 9 of the Rules of Appellate Procedure–Civil.

(5) The Clerk shall send each attorney a notice in December stating that the annual license fee is due on January 1; that the fee is delinquent if not paid by March 1, and will result in a penalty in the amount of fifty percent (50%) of the attorney's annual fee; that if the fee and penalty are not paid by April 1, an additional penalty of fifty percent (50%) of the attorney's annual fee will be imposed; that the attorney's license shall be automatically suspended if the license fee and all penalties due are not paid in full by April 15 and; that the suspended attorney shall be listed as being in a suspended-license status in a per curiam opinion issued by the Supreme Court after April 15.

(6) After March 1, the Clerk shall send another notice to all attorneys not yet having paid their license fee that they are delinquent and owe a penalty of fifty percent (50%) of the attorney's annual fee; such notice shall also contain the same information included in the December notice.

(7) After April 1, the Clerk shall send a third and final notice to all attorneys not yet having paid their license fee that they are delinquent and owe a second penalty of fifty percent (50%) of the attorney's annual fee; such notice shall also contain the same information included in the December notice.

(8) The final deadline for payment of the license fee and all penalties shall be April 15. Each attorney who fails to pay all fees and penalties by the final deadline shall be suspended thereafter from the practice of law in the State of Arkansas.

(9) The names of all suspended attorneys shall be listed by the Clerk in a per curiam opinion (the "April 16 per curiam") presented to the Court as soon as practicable after the final deadline. The Clerk shall promptly post a copy of the per curiam on the court's website, send a copy of the per curiam to all state and federal judges in Arkansas by mail or email, and provide a copy to each attorney named in the per curiam in any manner permitted by Paragraph 2 of this subsection.

(10) For any attorney paying in full the license fee and all penalties due after the final deadline, the Clerk shall issue receipt for payment in such form that the receipt shall act as proof of good standing as to the payment of the license fee until the final deadline of the year following the suspension.

(11) The critical dates identified in this subsection are summarized as follows:

a. January 1 – License fee due

b. March 2 – Delinquency occurs and late-payment penalty of fifty percent (50%) of the attorney's annual fee imposed

c. April 2 – Additional late payment penalty of fifty percent (50%) of the attorney's annual fee imposed

d. April 15 – Final deadline to pay license fee and penalties

e. April 16 – The April 16 per curiam opinion shall issue listing those attorneys suspended for license fee and penalties not paid by the final deadline.

(12) Any attorney who believes that his or her name is listed in the April 16 per curiam opinion by mistake, or that serious circumstances should serve as a basis to excuse the failure to pay, may appeal administratively within 30 days from the date of the per



curiam by providing evidence of the mistake or serious and excusable circumstances to the Clerk. Any appeal to the Clerk shall be accompanied by full tender to the Clerk of the license fee and all penalties in issue. Any appeal to the Clerk shall not be docketed as a case before the Supreme Court, but shall be treated as an administrative matter with the Clerk.

(13) The Clerk will notify the attorney if the Clerk agrees that a mistake was made or that serious and excusable circumstances exist. If the Clerk determines that there was a mistake and that the license fee and any penalty due were timely paid or that serious and excusable circumstances exist, the matter will be concluded, and the attorney shall be reinstated retroactively as appropriate under the circumstances. Any excess payment received by the Clerk shall be refunded to the attorney within thirty (30) days of the Clerk's determination.

(14) If the Clerk concludes that there was no mistake or that there were no serious and excusable circumstances, the Clerk shall notify the attorney. Within thirty (30) days from receipt of the notice, the attorney may then petition the Supreme Court for retroactive license reinstatement. Any such original action shall be docketed as a civil case before the Court, be accompanied by the standard filing fee for a civil appeal, and shall identify the Clerk as the respondent. If the Court grants relief and orders retroactive reinstatement, any excess payment of license fee and penalties received by the Clerk shall be refunded to the attorney within thirty (30) days of the Court's order.

(15) Filing any administrative appeal or a petition for reinstatement shall automatically result in a stay of the license suspension from the date of filing until final action on the appeal or petition.

(16) Any time after April 15 of the first year and before a suspension of more than three consecutive (3) years, an attorney shall be reinstated upon payment of all license fees and penalties and a reinstatement filing fee of $100.

(17) If a suspension is for more than three (3) consecutive years, application to the Board of Law Examiners for reinstatement must be made by the suspended attorney on a form supplied by the Executive Secretary of the Board and accompanied by a tender of all unpaid license fees and penalties and a Board reinstatement fee of $100.

(18) Periodically, the Clerk shall submit to the Court a proposed updated per curiam opinion consisting of two categories and listings of attorneys. Category One shall list all attorneys who are still in suspended-license status for nonpayment of license fee and penalties. Category Two shall list all attorneys who have become current on payment of fees and penalties since the last per curiam opinion on the status of license fees. The names of the attorneys appearing in Category Two shall not appear in subsequent periodic per curiam opinions issued.

(19) Attorneys who remain suspended for failure to pay the annual fee in a previous year after having been provided the pre-suspension notices required by this subsection in that previous year shall be deemed to be on notice of the suspension, and no further notice to the attorney is required.

(20)  This subsection, as amended in 2015, shall not be applied retroactively to any year prior to 2015.

D. REINSTATEMENT.  An application for reinstatement pursuant to paragraph (C)(17) of this Rule for non-payment of dues for more than three (3) years shall be accompanied by the payment of an application fee of $100.00 which shall be payable to the Board.  All applications for reinstatement will be referred to the Board in accord with RULE XIII of these rules for investigation and recommendation and the taking of a new examination may be required by the Board.

. . . .

F.  At the time of licensure, the new admittee shall provide a mailing address and an email address to the Clerk of this Court.  The address on record with the Clerk shall constitute the address for service by mail, and the email address on record with the Clerk shall constitute the email address for service by email.  Attorneys shall be responsible for informing the Clerk in writing and within a reasonable time of any change of such mailing address or email address. The Clerk may require any attorney to provide a mailing address or email address for service if the information was not provided at the time of licensure or if it appears the mailing address or email address is no longer valid or correct.